FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2015

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TJ ROBERT ERICKSON,<br><br>                              Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, acting<br>Commissioner of Social Security,<br><br>                              Defendant. | No.    2:14-CV-0255-SMJ<br><br><br>**ORDER GRANTING<br>DEFENDANT'S SUMMARY<br>JUDGMENT MOTION AND<br>DENYING PLAINTIFF'S<br>SUMMARY JUDGMENT MOTION** |

Before the Court, without oral argument, are cross-summary-judgment motions.  ECF Nos. 13 & 16.  Plaintiff Robert Erickson appeals the Administrative Law Judge's (ALJ) denial of benefits.  ECF No. 2.  Plaintiff contends the ALJ did not properly (1) consider his objective symptom testimony; (2) consider the opinions of treating and reviewing medical providers; and (3) identify specific jobs available in significant numbers that the Plaintiff can perform.  The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision.

After reviewing the record and relevant authority, the Court is fully informed.  For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Plaintiff's motion and grants the Commissioner's motion.

ORDER **-** 1

**A.    Statement of Facts[1]**

At the time of the hearing, Mr. Erickson was 25 years old.  ECF No. 13 at 2.  Plaintiff believes that he is entitled to benefits due to several physical and psychological conditions that have made him unable to sustain employment on a regular and continuing basis since December 30, 2009.  *Id.*  Specifically, Plaintiff suffers from degenerative disc disease, radiculopathy, depression, post-traumatic stress disorder, and anxiety.  *Id.* at 3.  The ALJ determined Mr. Erickson could not perform his past relevant works, but determine there were other jobs existing in significant numbers in the national economy that he could perform.  ECF No. 25-26.  The ALJ denied the claim on that basis.

**B.    Procedural History**

Mr. Erickson filed Disability Insurance Benefits and Social Security Income applications on April 11, 2011.  ECF No.10 at 16.  His alleged onset date was amended to December 30, 2009.  *Id.*  On December 12, 2012, a hearing was held before ALJ Caroline Siderius in Wenatchee, Washington.  *Id.*  The ALJ issued a decision denying benefits.  *Id.* at 25.  Plaintiff requested a review by the Appeals Counsel, which was denied.  *Id.*  Plaintiff now brings this action pursuant to 42

---

[1] The facts are only briefly summarized.  Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

ORDER - 2

1  U.S.C. § 405(g), claiming that the ALJ's decision is based on legal error and not

2  supported by substantial evidence.

3  **C.    Disability Determination**

4         A "disability" is defined as the "inability to engage in any substantial

5  gainful activity by reason of any medically determinable physical or mental

6  impairment which can be expected to result in death or which has lasted or can be

7  expected to last for a continuous period of not less than twelve months." 42

8  U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step

9  sequential evaluation process to determine whether a claimant is disabled. 20

10  C.F.R. §§ 404.1520, 416.920.

11         Step one assesses whether the claimant is engaged in substantial gainful

12  activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If

13  he is not, the decision-maker proceeds to step two.

14         Step two assesses whether the claimant has a medically severe impairment

15  or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the

16  claimant does not, the disability claim is denied. If the claimant does, the

17  evaluation proceeds to the third step.

18         Step three compares the claimant's impairment with a number of listed

19  impairments acknowledged by the Commissioner to be so severe as to preclude

20  substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1,

416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity.  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform his previous work, he is not disabled.  If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987).  If the claimant can, the disability claim is denied.  If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis.  The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  The burden then shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity, and (2) that a significant number of jobs exist in the national economy which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).  A claimant is disabled only if his impairments are of

1    such severity that he is not only unable to do his previous work but cannot,

2    considering his age, education, and work experiences, engage in any other

3    substantial gainful work which exists in the national economy.  42 U.S.C. §§

4    423(d)(2)(A), 1382c(a)(3)(B).

5    **D.    Standard of Review**

6          On review, the Court considers the record as a whole, not just the evidence

7    supporting the ALJ's decision.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

8    1989).  The Court upholds the ALJ's determination that the claimant is not

9    disabled if the ALJ applied the proper legal standards and there is substantial

10   evidence in the record as a whole to support the decision.  42 U.S.C. § 405(g));

11   *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987)

12   (recognizing that a decision supported by substantial evidence will be set aside if

13   the proper legal standards were not applied in weighing the evidence and making

14   the decision).

15         Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*,

16   514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance,

17   *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).  It means such

18   relevant evidence as a reasonable mind might accept as adequate to support a

19   conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Such inferences

20   and conclusions as the ALJ may reasonably draw from the evidence will also be

ORDER - 5

1   upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). If the evidence

2   supports more than one rational interpretation, the Court must uphold the ALJ's

3   decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

4   **E.    Analysis**

5        The ALJ used the required five-step sequential framework to determine

6   whether Plaintiff was disabled. At step one, the ALJ found that Plaintiff had not

7   engaged in substantial gainful activity during the relevant period. ECF No. 10 at

8   18. At step two, the ALJ concluded that Plaintiff has several severe impairments

9   as defined under the Social Security Act and Regulations. *Id.* at 18-20. At step

10  three, the ALJ determined that Plaintiff does not have an impairment or

11  combination of impairments that meets or medically equals the requisite severity.

12  *Id.* at 20-21. At step four, the ALJ concluded that Plaintiff is unable to perform

13  any past relevant work. *Id.* at 25. At step five, the ALJ found that Plaintiff,

14  despite certain limitations, has the residual functional capacity to perform light

15  work and is capable of making a successful adjustment to other work that exists in

16  significant numbers in the national economy. *Id.* at 21-25.

17       Plaintiff believes that, in reaching this conclusion, the ALJ committed three

18  reversible errors. First, Plaintiff asserts that the ALJ improperly discredited her

19  subjective symptom testimony. EFC No. 13 at 14. Second, Plaintiff believes that

20  the ALJ improperly rejected the opinions of Dr. Goodwin, Dr. Deutsch, and Dr.

Kouzes.  *Id*. at 13.  Third, Plaintiff argues that the ALJ failed to meet her burden

to identify specific jobs available in significant numbers, despite identified

limitations.  *Id*. at 17.

      1.   <u>Subjective testimony</u>

Plaintiff argues that the ALJ dismissed her testimony without providing

valid reasons for doing so.  ECF No. 13 at 13.  Plaintiff contends that the ALJ

rejected Mr. Erickson's testimony "with little more than vague assertions that the

claimant's testimony was undermined by the medical evidence and his activities

of daily living."  *Id*.  The Court disagrees and finds that the ALJ satisfied the

relevant legal standard.

To weigh the credibility of subjective symptom testimony, the ALJ must

engage in a two-step inquiry.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th

Cir. 2007).  First, the ALJ must determine whether the claimant has presented

objective medical evidence of an underlying impairment which could reasonably

be expected to produce the pain or other symptoms alleged.  *Id*. at 1036.  Second,

if the claimant meets this first test, and there is no evidence of malingering, the

ALJ can reject the claimant's testimony about the severity of his symptoms only

by offering specific, clear and convincing reasons for doing so.  *Id*.

There are numerous factors that an ALJ may consider in weighing a

claimant's credibility.  In *Lingenfelter v. Astrue*, the Ninth Circuit provided some

ORDER - 7

examples of acceptable points of inquiry: (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence." 504 F.3d 1028, 1040 (9th Cir. 2007). The Court made clear that as long as the ALJ's findings are supported by substantial evidence, "the court may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

The ALJ found that Mr. Erickson's medically determinable impairments could reasonably be expected to cause the alleged symptoms. ECF No. 10 at 22. Further, the ALJ found no evidence of malingering. *Id*. However, the ALJ found that Mr. Erickson's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. *Id*. Accordingly, this Court must review the record and assess whether the ALJ relied on sufficient specific, clear and convincing reasoning in reaching this conclusion.

Contrary to Plaintiff's assertion, the ALJ articulated specific facts that support the ALJ's finding regarding the Plaintiff's credibility. Consistent with *Lingenfelter*, the ALJ considered (1) whether the alleged symptoms are consistent with medical evidence, and (2) whether the Plaintiff engages in daily activities

1    inconsistent with the alleged symptoms.  Because of the numerous specific facts

2    supporting the ALJ's decision the Court will not second-guess its validity.

3        The ALJ considered Plaintiff's testimony that his inability to work was

4    caused by sciatica pain stemming from a 2005 spinal tap as well as difficulty

5    interacting with others and staying on task.  ECF No. 10 at 22.  Plaintiff testified

6    that he had last worked 3-4 years ago but had to stop due to his pain levels.  *Id.*

7    Plaintiff claimed that he could not stand for more than 45 minutes and could only

8    sit for 15-20 mins.  *Id.*

9        The ALJ determined that medical provider findings contradicted Plaintiff's

10   assertion as to the origin of his pain and its severity.  *Id*. at 23.  The ALJ noted that

11   Plaintiff alleged disabling plain resulting from a spinal tap.  *Id.*  The ALJ noted,

12   however, that several doctors opined that the subjective evidence did not support

13   Mr. Erickson's assertions regarding the origin of his pain.  *Id*. at 23, 442.

14       Indeed, medical reports indicate that a treating physician informed Plaintiff

15   that it was unlikely his back pain was caused by the lumbar puncture procedure.

16   *Id*. at 442.  Another physician concluded that Plaintiff's back pain was of a soft

17   tissue origin, not related to any kind of injection.  *Id*. at 449.

18       The ALJ also noted there were contradictions between the medical record

19   and the Plaintiff's allegation regarding pain severity.  Mr. Erickson's treating

20   Neurologists reported that he actually could perform light work despite his

ORDER - 9

1    symptoms. *Id.* at 23. It was also repeatedly noted that Plaintiff's chronic

2    marijuana use was contributing to this mental conditions and, specifically, his

3    inattentiveness. *Id.*

4        Given the record, the ALJ rationally concluded Plaintiff's assertion

5    regarding the origin of his pain and its severity was contradicted by doctor's

6    opinions, which reflected negatively on his credibility. Contradiction between a

7    claimant's allegations and the medical record is a sufficient basis for rejection.

8    *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

9        Further, the ALJ determined that the plaintiff's activities were inconsistent

10   with allegedly disabling limitations. ECF No. 10 at. 20-23. Mr. Erickson noted a

11   disabling lower back impairment. However, the ALJ noted that he was able to

12   skateboard as a means of transportation. *Id.* at 22. The record indicates that

13   Plaintiff had an accident while longboarding in January 2010, and that he

14   skateboarded to psychological assessments. *Id.* at 22, 599. Although Plaintiff

15   properly argues there is no finding regarding how much time he spends

16   performing this activity, the fact that Mr. Erickson was able to skateboard at

17   multiple times throughout the record would allow the ALJ to draw an adverse

18   inference as to his credibility. Activities may be a ground for discrediting

19   testimony to the extent they contradict claims of a totally debilitating impairment.

20   *Molinda v. Astrue*, 674 F.3d 1104, 113 (9th Cir. 2012).

Inconsistency shown by Plaintiff's activities and assertions regarding the origin of his pain and its severity provide sufficient support for the ALJ finding that the Plaintiff was not credible in her subjective testimony. Indeed, the ALJ provided ample specific, clear and convincing evidence for this determination. Accordingly, the Court will not disturb the ALJ's findings.

2.    Medical Opinions

Plaintiff argues that the ALJ erroneously discredited Dr. Goodwin, Dr. Deutsch, and Dr. Kouzes' opinions that several physical and psychological limitations seriously affected Mr. Erickson's work related functioning. ECF No. 13 at 15. Specifically, he believes that the ALJ did not support the rejection of their opinions with specific and legitimate reasons that were supported by substantial evidence in the record. *Id*. The Court disagrees and finds that the ALJ met the applicable substantial evidence standard.

In Social Security cases, there are three types of medical opinions: those from treating physicians, examining physicians, and non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The amount of weight afforded each type of physician varies. Opinions of treating physicians are accorded greater weight than those of examining physicians, which in turn are afforded greater weight than those of non-examining physicians. *Id.* To reject an opinion of either a treating or examining physician, an ALJ must set forth specific

and legitimate reasons that are supported by substantial evidence in the record, even if the opinion is contradicted by another doctor. *Id*. at 830-31. If such an opinion is not contradicted by another, then the ALJ must provide clear and convincing reasons for rejecting it. *Id*.

Here, Dr. Goodwin Mr. Kouzes and Dr. Deutsch are examining and treating physicians. Accordingly, this Court will assess the record to see if the ALJ's conclusion is supported by substantial evidence. Applying this standard involves reviewing the administrative record as a whole. *Id*. If the evidence is susceptible to more than one rational interpretation, the Court will uphold the ALJ's decision. *Id.*

a. *Physical Opinion Evidence*

Dr. Deutsch opined that Mr. Erickson met Listing 1.05C due to significant L-5 neuroforiminal narrowing which produced neuropathy. The ALJ gave this opinion limited weight, noting the report relied on Plaintiff's incredible self-reports and was not accompanied by any explanation. An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Because the ALJ 's decision of adverse credibility as to Plaintiff's self-reports was supported by substantial evidence, the ALJ did not err by rejecting Dr. Deutsch's opinion in part because it relied on

Plaintiff's self-reports.  Further, An ALJ may reject an opinion that is brief and conclusory in form with little in the way of clinical findings.  *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).  Thus, the Court finds that the ALJ provided clear and convincing reasons for discrediting Dr. Deutsch opinion, and the Court affirms the ALJ's analysis.

> b.   *Psychological Opinion Evidence*

Dr. Kouzes and Dr. Goodwin opined that several psychological limitations would seriously affect Mr. Erickson's work related functioning.  With respect to the mental opinion evidence, the ALJ gave the most weight to the assessment of examining psychologist Thomas Genthe, Ph.D. and rejected the opinions of examining psychologists James Goodwin and Jan Kouzes.

In fashioning the mental residual functional capacity, the ALJ limited Plaintiff to 1- to 3-step tasks, no detailed work, ordinary production requirements, superficial public contact, and occasional co-worker contact.  ECF No. 10 at 21.  Indeed, the ALJ's ultimate conclusion as to non-disability is also consistent with the opinions of State agency psychologists Edward Beaty, Ph.D. and Vincent Gollogly, Ph.D., who opined Plaintiff had no severe mental impairment.  They attributed Plaintiff's mental symptoms to his chronic marijuana use.  *Id*. at 21, 135.

1    Dr. Goodwin examined Plaintiff in March and December 2010.  Id. at 482.

2  Dr. Goodwin opined that Plaintiff had mostly moderate mental limitation, with

3  marked restriction in ability to exercise judgement, relate to co-workers, work

4  effectively in public, and maintain appropriate behavior.  *Id*. at 485, 520.  Dr.

5  Kouzes examined Plaintiff in June 2011, opining Plaintiff had only mild or

6  moderate limitations, with the exception of marked restriction in ability to

7  maintain appropriate behavior.  *Id*.

8    The ALJ gave this evidence limited weight, noting it was (1) based largely

9  on Plaintiff's incredible self-reported symptoms and complaints and (2) completed

10  on a check-the-box form, with few objective findings or accompanying

11  explanation for the degree of limitation assessed.  *Id*. at 24.

12    The ALJ provided two valid reasons for rejection.  *Treichler v. Comm'r of*

13  *Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  Because Drs. Goodwin and

14  Kouzes relied heavily on Plaintiff's incredible self-reports and because

15  assessments were in the form of checklists that do not contain any explanation or

16  do not contain objective support for the bases for the conclusions reached, the

17  decision remains supported by substantial evidence.  *Ghanim v. Colvin*, 763 F.3d

18  1154, 1162 (9th Cir. 2014) (finding that the ALJ may reject a treating physician's

19  opinion if it is "more heavily based on a patient's self-reports than on clinical

20  observations.")  Accordingly, the Court will not disturb the ALJ's findings.

3.    Identification of jobs

Plaintiff's final argument is that the ALJ erred by finding her capable to perform past relevant work and other jobs in the national economy.  ECF 10 at 24. Specifically, Plaintiff argues that there is a five-step error because the hypothetical to the vocational expert did not reflect all of his limitations.  *Id*.  The Court disagrees and finds that the ALJ met the applicable substantial evidence standard.

At step five of the sequential evaluation, the burden then shifts to the Secretary to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite the identified limitations.  If the limitations are non-exertional and not covered by the grids, a vocational expert is required to identify jobs that match the abilities of the claimant, given her limitations.  *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

The residual functional capacity finding and the hypothetical question to the vocational expert need only include credible limitations based on medical assumptions supported by substantial evidence in the record.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  Indeed, a plaintiff does not establish an error of this kind by simply restating his arguments that the ALJ improperly discounted certain evidence, when the record, instead, demonstrates the ALJ properly rejected it.  *Stubbs-Danielson c. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

Plaintiff concedes that the ALJ denied the claim based on portions of the vocational expert's testimony.  However, he contends that the vocational testimony on which she relied was without evidentiary value because it was provided in response to an incomplete hypothetical.  Specifically, Plaintiff contends that ALJ's RFC and hypothetical to the vocational expert failed to account for the many limitations she improperly rejected, such as the moderate and marked limitations identified by Dr. Goodwin and Dr. Kouzes.

The record indicates that the ALJ relied on the information she deemed credible in making its hypothetical.  Because the ALJ properly rejected Dr. Goodwin's and Dr. Kouzes medical opinion, the ALJ did not err by excluding limitations marked by those physicians in the hypothetical.  *See Id.*  In such a circumstance, the Court cannot say that the ALJ's findings are not supported by substantial evidence.  Accordingly, the Court will not disturb the ALJ's findings.

**F.    Conclusion**

In summary, the Court finds the record contains substantial evidence from which the ALJ properly concluded, when applying the correct legal standards, that Robert Erickson does not qualify for benefits.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

1    **2.**    The Commissioner's Motion for Summary Judgment, **ECF No. 16**, is

2    **GRANTED**.

3    **3.**    **JUDGMENT** is to be entered in the Commissioner's favor.

4    **4.**    The case shall be **CLOSED**.

5    **IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order

6    and provide copies to all counsel.

7    **DATED** this 30th day of September 2015.

8    _____

9    SALVADOR MENDOZA, JR.
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20